Pleas, non cepit, and issue joined, and property in one James; replication, affirming property in the plaintiffs, and issue joined.
At the trial, before Sherman, J., at the August term of the court of common pleas, 1857, for the county of Kent, the plaintiffs, to prove their property in the goods replevied, produced and proved a mortgage deed, executed on the 16th of August, 1855, to the plaintiff, Mrs. Waterman, then ____ Reed and unmarried, of an unimproved wood lot in West Greenwich, containing about twenty-two acres, with condition for the payment of a promissory note of that date within one year therefrom, for the sum of $175, made by the defendant to Miss Reed, and their marriage in 1856. They also proved, that in May, 1857, the mortgage debt, being then due and unpaid, notice was given to the defendant by the plaintiffs, through an agent, to cut no more wood or timber from the mortgaged premises; to which defendant replied, that he should "do as he had a mind to as to the wood, and should not stop there." That a few days afterwards the defendant cut and drew, partly into the road and partly upon an adjoining lot, the timber and wood described in the writ to the value of $57, which the plaintiffs thereupon replevied. The plaintiffs also proved, that upon the sale of the mortgaged premises, in June following, under a power of sale contained in the mortgage, they were sold, after a prior sale to the defendant for $126 which he refused to complete, to a third party, for the sum of $30.
The defendant, up to the time of the sale, remained in possession of the mortgaged premises.
Upon this proof, the defendant moved for, and obtained a nonsuit, upon two grounds: —
First, That if the wood and timber replevied was not the property of the defendant, it was solely the property of Richard Waterman, the husband, and not the joint property of himself *Page 541 
and his wife, and that the action should have been brought in his name alone.
Second, That the defendant, as mortgagor in possession, being the owner of the premises, had a right to cut the fencing-wood and timber thereon, and convert it to his own use; that such cutting and converting was not a trespass; and for that reason, replevin could not be maintained for the wood and timber so cut and converted.
The plaintiffs duly excepted to the above rulings, and to the judgment of non-suit founded thereon; and the cause was heard upon the bill of exceptions allowed, and which set forth the above facts and rulings.
The first ground upon which the nonsuit in this case was moved for and obtained is clearly untenable. If this action against the mortgagor is maintainable at all under the circumstances disclosed by the bill of exceptions, it can be maintained only in the joint names of the plaintiffs as husband and wife. The debt secured by the mortgage is, by force of the "Act concerning the property of married women," (Dig. 1844, p. 270,) the sole and separate property of the wife; and the interest in property, whether real or personal in its nature, conveyed by the mortgage in security is, as incident to the debt, solely her estate. This action being brought to assert her right as mortgagee to the property claimed in replevin, in order that it may be applied, when recovered, to the payment of her sole and separate debt, must, by the very terms of the sixth section of the above entitled act, as an action "relating" to the property of a married woman "secured to her by this act," be sued by the husband and wife jointly, except when, which is not this case, a trustee of the property has been appointed by the court. (Dig. *Page 543 
1844, p. 271.) The argument of the counsel for the defendant, whether founded upon the above statute or upon the common law authorities cited by him, supposes the wife in this case to be the absolute owner of the replevied property, instead of having a mere right to hold it in security for, and as incident to, her sole and separate property, the mortgage debt.
The other ground upon which the nonsuit in this case was ordered requires more consideration. It is difficult to see upon what principle, trespass, an action appropriate only to an injury to the possession of the plaintiff, can be maintained by a mortgagee who has never had possession of the mortgaged property against a mortgagor who is in possession of it, upon the ground that the former, by the cutting of timber or the like, is exceeding his power over the mortgaged property. The cases cited by the counsel for the defendant, as well as the more recent cases of Litchfield v. Ready, 1 Eng. L. Eq. R. 462, andTurner v. Cameron, Coalbrook, c. Railway Co. 2 Eng. L. Eq. R. 342, in both which the opinion of the court of exchequer was given by Baron Parke with his usual force and clearness, are, we think, decisive upon this point, if indeed the point were not already clear from the very nature of the action of trespass. The notion upon which some of the cases cited by the counsel for the plaintiffs proceed, that a mortgagor in possession is a mere tenant at will of the mortgagee, and that his tenancy is determined at law by the first act of waste which he commits, exemplifies the danger against which Lord Mansfield gave his warning upon this very subject in the leading case of Moss v.Gallimore, Doug. 279. "Nothing," says his lordship, "is so apt to confound as a simile." A mortgagor in possession is not a tenant at will of the mortgagee in any other sense than a disseisor or intruder is. His possession may be terminated at the will of the mortgagee by entry or action; but he pays no rent, is entitled to no emblements, and may be entered upon or sued in ejectment without notice. He has no stable right of possession as against the properly asserted right of possession of the mortgagee; but no incident of a tenancy at will, that we know of, attaches to the relation between them. "The mortgagor is not in all respects a mere bailiff; he is much like a bailiff; he is *Page 544 
not a mere tenant at will; in fact he can be described merely bysaying, he is a mortgagor." Per Parke, Baron, in Litchfield v.Ready, 1 Eng. L. Eq. R. 462.
But it by no means follows, as supposed by the learned judge below, that because trespass will not lie in favor of a mortgagee against a mortgagor in possession, under the circumstances disclosed by this bill of exceptions, that replevin will not. It is true, that at common law, a wrongful taking is necessary to the maintenance of the latter action; but by our statute "regulating proceedings in replevin," (Dig. 1844, p. 182,) the action is given "when any goods or chattels" "shall be unlawfully taken or unlawfully detained from the owner or the person entitled to the possession of the same." Accordingly, this action has, for a long time, been in use amongst us, not merely to recover possession of goods wrongfully taken, but to enforce the plaintiff's title to the possession of goods when improperly resisted, without regard to the mode in which the defendant acquired possession of them. Nothing but a right of present possession in the plaintiff, founded either upon a general or special ownership of goods, is necessary, under the well-settled construction of the above statute, to enable him to maintain a writ of replevin for them.
Had Clarissa D. Waterman then such right of possession to the timber, logs, and wood replevied by this writ, on the 21st day of May, 1857, when it was served?
As mortgagee, she was certainly entitled to the possession of the real estate mortgaged, including the timber and wood growing thereon. If the wood and timber taken from the land by the defendant were taken in the course of good husbandry as a portion of the proper rents and profits of the same, he was undoubtedly entitled to them as mortgagor in possession without liability to account therefor to his mortgagee. If, on the other hand, they were taken from the mortgaged premises in strip and waste of the same, and so in violation of the rights of Mrs. Waterman as mortgagee, such wrong cannot, in our judgment, because it severs the timber and wood from the freehold, deprive her of her right to it at law under her mortgage as security for her debt, but simply changes her remedy from ejectment *Page 545 
to replevin — from the form of action appropriate to the enforcement of her right to the possession of real, to the form of action appropriate to the enforcement of her right to the possession of personal property. Formerly, the right of the mortgagor was, upon breach of the condition of the mortgage, wholly gone at law; and his equity to redeem was recognized only by the tribunal able to enforce such a right. It is true, that in modern times the courts of law have, for many purposes, treated the mortgagor in possession as the real owner of the estate, looking upon a mortgage in the same light that a court of equity does, as a mere security for the mortgage debt; but we can see no reason why such courts should recognize in a mortgagor in possession under a forfeited mortgage greater rights over the mortgaged estate than courts of equity do. The rights and duties of mortgagor and mortgagee in and as to the mortgaged estate must be the same, in whatever forum they may come to be considered. Neither can deal with these rights and duties, except in the mode proper to it, and according to the forms of proceeding adapted to the redress which may be sought. The mortgagee's remedy against waste of the mortgaged estate by the mortgagor, must, in general, that is, where a writ of estrepement will not lie — be sought by injunction in equity; but waste is equally a violation of the rights of the mortgagee under the mortgage, at law, as in equity, and is regarded as a wrong in a court of law, with all the legal consequences attached to an act of that character. One of the most obvious of these is, that the wrongdoer can derive no advantage from his wrongful act; and for this reason, we have considered, that the cutting down of timber and trees growing on the mortgaged premises in waste of the same, and in substantial diminution of the stipulated security of the mortgagee, cannot affect his right, although it may change the form of his remedy, to recover possession of the property conveyed by the mortgage deed.
Whether the timber and wood replevied by the plaintiffs were severed by the mortgagor from the mortgaged premises in due course of husbandry, or in wrongful waste and strip of the same, and in substantial diminution of the mortgagee's stipulated *Page 546 
security for her debt, was a question of fact to be passed upon by a jury upon evidence to be submitted to them; and in our judgment, the court below erred in ordering a nonsuit in this case upon the second ground upon which the same was moved for and obtained.
For these reasons, the judgment of nonsuit rendered in this cause by the court of common pleas of the county of Kent is set aside, and a new trial is granted to the plaintiffs, to be had at the next term of said court. *Page 547 
 APPENDIX I.
RULES OF PRACTICE
OF THE SUPREME COURT AND COURT OF COMMON PLEAS OF THE STATE OF RHODE ISLAND, ETC., IN ACTIONS AND PROCEEDINGS AT LAW, AND OF THE SUPREME COURT, IN SUITS AND PROCEEDINGS IN EQUITY.
THE following Rules were, on the second day of July, 1857, adopted by the supreme court of Rhode Island, c., in session at Providence, to regulate the practice in actions and proceedings at law in said court, and, so far as applicable and consistent with the terms of the rules, in the court of common pleas, all other rules theretofore existing being rescinded.
ATTORNEYS AND COUNSELLORS AT LAW.
1. Persons recommended for admission to the bar by some member of the bar, who shall be of good moral character, and at least twenty-one years of age, and who, having received a classical education, shall have studied law, without pursuing the practice of the law or engaging in any other employment, two years, in the office of an attorney and counsellor in this state, or two-years in some law-school in the country and the office of such attorney and counsellor, the term of study in such office to be at least six months, and who shall, as a further evidence of their qualifications, have sustained a satisfactory examination by an examining committee to be appointed by *Page 548 
the supreme court, or, who, not having received a classical education shall have studied law three years, and have sustained a satisfactory examination in manner aforesaid, shall be admitted attorneys and counsellors of the supreme court, and, as such, shall have right to practice in all of the courts of this state.
2. Members of the bar of other states, who have not been in practice at least three years, shall not be admitted as such attorneys and counsellors, unless recommended by some member of the bar of this state, and upon proof that they have studied the term of time required by the above rule, and that they have studied law at least six months in the office of some attorney and counsellor in this state.
3. Attorneys and counsellors, shall, upon admission, take the following oath. "I, ____, do solemnly swear, that I will demean myself as an attorney and counsellor of this court, and of all other courts before which I may practise as an attorney and counsellor, uprightly and according to law; and that I will support the constitution and laws of this state, and the constitution of the United States."
4. No attorney and counsellor shall, upon pain of being struck from the roll, become bail in any cause depending in, or surety in any recognizance taken by, the supreme court or court of common pleas.
5. Not more than two counsellors on the same side shall be allowed to argue any question to court or jury; and one only on each side shall be allowed to examine or to cross-examine the same witness. No comments shall be made upon testimony by the counsel of either party, until all the testimony on his side shall have been put into the cause, unless by special leave of court.
NOTICE TO ADVERSE PARTY.
6. Notice of petitions for trials or new trials filed in the clerk's office in vacation, shall be given by serving the adverse party with an attested copy of such petition at least ten days before the session of the court.
7. On all petitions for divorce, the adverse party, if resident within this state, or within an hundred miles of the place of trial, shall be notified and served with a copy of such petition *Page 549 
three weeks at least before the sitting of the court; and if resident without this state and more than an hundred miles from the place of trial, and the place where he or she is be known to the petitioner, notice shall be given in some one of the public newspapers printed in Providence or Newport, at least six weeks before the sitting of the court, and in addition thereto, such personal notice as the supreme court, if in session in the county, or any justice thereof, if the court be not there in session, shall direct; if the place where the adverse party is, be not known to the petitioner, then six weeks' notice by publication in a newspaper as aforesaid need only be given. To carry out the above rule, petitions for divorce, where the adverse party is not resident within this state, or within an hundred miles of the place of trial, shall set forth the same, and shall be accompanied with an affidavit of the petitioner, stating his or her knowledge and belief of the place of residence of such adverse party, or that he or she doth not know, and hath no reason to know the same.
8. Notice to creditors upon petitions by insolvents for relief shall be given by the clerk, by including all such petitioners at the same term in one advertisement, inserting therein the name and addition of each petitioner.
FILING, ENTERING, AND DOCKETING ACTIONS, APPEALS, c.
9. No declaration in blank, or with such blanks that it does not set forth a cause of action, will be deemed and taken to be a declaration within the meaning of the law requiring declarations to be filed in the clerk's office twelve days before court; and the clerks are required to refuse to receive the same, and if received by accident or mistake, the court will, upon ascertaining the same, dismiss the action — any agreement of parties, bar rule or custom, to the contrary notwithstanding.
10. All declarations, appeals, petitions, complaints. and other applications in writing to the court, shall have the name of the attorney presenting the same indorsed thereon by himself or by his authority, unless he shall have subscribed the same as attorney; and the only proof of the time of filing the same, or of any paper whatsoever, shall be the file mark thereon of the clerk. *Page 550 
11. On filing a complaint to obtain a confirmation of a judgment appealed from, the party complaining shall file with his complaint a copy of the judgment.
12. Petitions for trials or new trials may be filed in the clerk's office in vacation.
13. All petitions filed in the clerk's office on which notice is required to be given to the adverse party before the sitting of the court, shall be entered on the first or second day of the term.
14. All declarations, appeals, and petitions, required by law to be filed in the clerk's office before court, shall be docketed in the order in which they are filed — declarations and appeals together by themselves, and bills of exceptions, petitions for divorce, and petitions by insolvents, each, by themselves. Motions in arrest of judgment, petitions and motions for a trial or a new trial shall be docketed with bills of exceptions. Cases in which an issue is made to the jury, and in which the jury trial is waived, shall be docketed by themselves; and all other applications, petitions, and complaints shall be docketed together as "Miscellaneous Petitions" in the order in which they are entered; provided, that if any motion or petition entered during term shall belong to a class which has by this rule a separate place on the docket, it shall be docketed, in the order in which it is entered, with that class.
15. If a trial or new trial be granted, the case shall be docketed with, and next after, those of the same class docketed at the time of granting the same.
16. Cases tried by a jury and in which the jury have failed to agree, shall take their place at the foot of the docket.
MOTIONS IN GENERAL.
17. All motions, except such as may be made in the course of trial of causes, shall be made in writing, filed with the clerk, and docketed in a book to be kept for that purpose, as notice to the adverse party; and upon proof of actual notice to the counsel for the adverse party, the court will hear and decide such motion, ex parte, if the adverse party do not appear.
18. No motion grounded on facts will be heard, unless the facts are verified by affidavit or are apparent from the record or from the papers on file in the case, or are agreed to in writing, *Page 551 
or orally in the presence of the court, by the parties or their attorneys; and the same rule shall be applied to all facts relied on in opposing any motion.
MOTIONS TO AMEND, AND FOR A BILL OF PARTICULARS.
19. Amendments in matters of form will be allowed upon motion, as of course.
20. Amendments in matters of substance may be made with or without payment of costs, or upon such terms and conditions as the court in its discretion may prescribe; but if applied for after a joinder in issue of fact or law, the court will in its discretion refuse the application, or grant it with or without terms; but no new count or amendment of a declaration will be allowed, unless it be consistent with the original writ and for the same cause of action.
21. When either party amends, the other party shall be entitled to amend if his cause require it.
22. If there be a general verdict on a declaration containing several counts, the plaintiff may, at any time pending the term on motion, have leave to amend the verdict, and enter it on any count on which the evidence would at the trial have enabled him to recover, and may have leave to strike out of his declaration any defective counts.
23. In all cases where the plaintiff's claim or demand is set forth in general terms, as in general counts of indebitatusassumpsit, the court will, on motion, on the first or second day of the term, and may at any other time, order the plaintiff to furnish the defendant with a bill of particulars of his claim or demand. A similar order will be made on either party, in analagous cases, when necessary to prevent a surprise upon the other, or to give a fair trial.
MOTION FOR SURETY FOR COSTS.
24. Motion that the plaintiff shall give surety or new surety for costs shall be made, either orally to the court or in writing filed with the clerk, on or before the second day of the term at which the suit is brought, unless the defendant is able to show a change of circumstances requiring such motion, intervening between said second day of said term and the time of the motion. *Page 552 
FILING PLEAS AND AFFIDAVIT OF DEFENCE.
25. No action shall be deemed to be answered by noting on the back of the declaration, or otherwise, that the same is answered; and unless the plea or pleas thereto be actually filed, the same shall be deemed to be wholly undefended, and judgment shall be entered as in nil dicit cases — any agreement, bar rule or custom to the contrary notwithstanding.
26. It shall be deemed no excuse for not pleading at the time required by law, or for not pleading in full to a declaration, that the same contains blanks, or reserves a right to file new counts; but the same is required to be demurred or pleaded to, and the defects thereof, if any, availed of, in the condition in which it is filed, unless it be in such condition as to warrant a motion to dismiss.
27. No motion made on the first or second day of the term to answer an action brought on any bill, note, bond or other instrument in writing for the absolute or contingent payment of money, or for the recovery of book debts, or money loaned or advanced, or on judgments rendered within the United States, or on any recognizance of bail, shall be granted, unless such notice shall be accompanied by the affidavit of a defendant or of some one for the defendant or defendants, specially stating the defence or defences to such action, whether the same be in full or partial defence thereto, — that the affiant knows the facts upon which such defence or defences rest, — and that, in his opinion and to the best of his belief, such defence or defences will prevail.
28. Pleas allowed to be filed on motion made on the first or second day of the term, shall, in the county of Providence, be filed on or before the second Monday of the term, and in other counties, on or before the third day of the term, and not after, unless upon motion and for cause shown otherwise specially ordered; and if not filed by that time or by the time specially ordered, the same shall be deemed to be waived, and the action treated as an undefended or nil dicit action, and judgment entered accordingly.
29. In all actions brought upon bills, notes, bonds or other instruments in writing for the absolute or contingent payment of money, in all actions on contracts for the loan and advance *Page 553 
of money, whether reduced to writing or not, for book debts, and on judgments rendered within the United States, — and in all actions of scire facias on recognizances of bail, if the plaintiff shall file with his declaration a copy of the bill, note, bond, instrument in writing, book entries, judgment or recognizance, or, in case of an action for money loaned or advanced, an affidavit of a plaintiff or of some one for the plaintiff or plaintiffs, of the amount loaned or advanced to or for the use of the defendant, the defendant shall, on or before the second Monday of the term in the county of Providence, and on or before the third day of the term in other counties, file with the clerk an affidavit, made by a defendant, or by some one for the defendant or defendants, specially setting forth a good and valid defence to such action or petition, either partial or in full, and that the affiant knows the facts upon which such defence rests, and that, in his opinion and to the best of his belief, such defence will avail, or the court will, upon motion made by the plaintiff on the Saturday next succeeding the second Monday of the term, if the court shall so long remain in session, and if not, on the last day of the term, order judgment to be entered up for the plaintiff with the same effect as if the defendant had submitted to judgment generally in such action. If the affidavit filed discloses a partial defence to such action only, the plaintiff shall be entitled to judgment for the amount not covered by the affidavit of defendant only, if he choose to accept the same in full of his cause of action.
ORDER OF TRIAL.
30. All actions, appeals, petitions and applications whatsoever shall be heard and tried in the order in which they stand upon the docket, unless the court shall, upon good cause shown, postpone any trial to a time later than that in which it would come on in course.
31. If, in the same cause, there be an issue in fact and an issue in law, the issue in law shall be first tried and determined, unless it be otherwise specially ordered.
32. No case in which the issues are to the jury only shall be marked to the court, unless by agreement in writing the right of trial by jury be wholly waived; and upon such agreement *Page 554 
the clerk shall enter them again on the docket by themselves, noting against the old entry the transfer.
33. The party holding the affirmative, shall, in all cases except on motions, open and close the question before the court or jury: and on motions, the party moving shall open and close.
34. When there are several issues, some of which are on the plaintiff and others on the defendant, the plaintiff shall open and close; and in such cases, the plaintiff shall first offer his proof of the issues incumbent on him, and then the defendant his proof both in support and reply, and the plaintiff shall have a general reply. If the plaintiff offer evidence in opposition to that offered by the defendant in support of the issues on him, the defendant may reply to that, before the plaintiff's general reply.
POINTS TO BE WRITTEN AND DELIVERED BEFORE ARGUMENT TO COURT.
35. At or before the commencement of the argument in the supreme court, of each case upon the law docket, each party shall deliver to the other, and furnish to each of the judges, and to the reporter, a printed or written statement of the points on which he intends to rely, and the authorities intended to be cited in support of them, arranged under the respective points; and, in cases in which it may be necessary for the court to go into an examination of evidence, each party shall briefly specify in his printed or written statement of points, the leading facts which he deems established by the evidence, with a reference to the pages of the papers where the evidence of such facts may be found.
MOTIONS FOR A CONTINUANCE.
36. No cause standing for trial shall be continued unless for good cause shown.
37. No motion for a continuance of a cause standing for trial grounded on the want of material testimony, shall be sustained, unless supported by an affidavit, which shall state the name of the witness, if known, the facts which he is expected to prove, the grounds of such expectation, the endeavors which have been used to procure his attendance or deposition, the expectation that the party has of procuring his attendance or *Page 555 
deposition at a future term, and a declaration by the party, that, without such testimony, he cannot safely proceed to trial. A continuance, when allowed, may be upon payment of costs or such other terms as the court may impose: but no continuance on account of the want of material testimony, shall be allowed, if the other party will admit, for the purposes of the trial, that the absent witness will swear to the facts set forth in the affidavit.
38. If the continuance be asked on account of the sickness of a party or witness, it must be accompanied by a sworn certificate of a practising physician in good standing, of the fact, kind, and necessary degree of sickness, to warrant the motion.
39. When an action is continued on the motion of either party, at the term when it might otherwise be tried, the party making the motion shall pay to the adverse party all his costs incurred at that term in procuring the attendance of witnesses, unless the continuance is ordered on account of some unfair advantage taken by the adverse party, or some other fault or misconduct on his part, or unless the party making the motion shall have given written notice thereof, with a statement of the grounds of such motion, to the adverse party or his attorney, in such season before the sitting of the court as might have prevented the attendance of witness, or when it shall appear that the ground of the motion was not reasonably known to the party making it. The costs thus paid shall not be included in the bill of costs of the party receiving them if he shall finally prevail in the suit, nor be recovered back by the other party if he shall finally prevail; nor in such case shall such other party be allowed any costs for his travel and attendance at such term.
40. The preceding rule shall not prevent the court from imposing any other additional terms on the party moving for a continuance, when the justice of the case shall require it; neither shall it be construed to prevent the party, to whom such previous notice may have been given, from procuring the attendance of his witnesses, if he shall think proper to oppose the motion for a continuance; and in such cases, if the motion be granted, the costs of such witnesses shall be allowed in the bill of costs of said party, if he finally prevail in the suit. *Page 556 
EVIDENCE.
41. The signature of any party to an instrument in writing, where such instrument is counted upon as the cause or basis of the action, need not be proved to sustain the action, unless a notice to prove the same accompany the plea, or be given in writing on or before the second day of the term at which the action is brought, unless, upon motion and cause shown before the cause is called for trial, it be otherwise ordered.
42. A like notice shall be given to plaintiffs suing as a corporation or as copartners, to put them upon proof of their incorporation or copartnership, or of their representative capacity, when suing as executors, administrators or trustees, or of their marriage, when suing as husband and wife.
43. No paper which is not set forth or substantially stated in the declaration or pleadings, shall be used by either party as evidence before the jury, unless notice of the same, embracing a description of the substance thereof, shall be given to the opposite party at least three days before the trial, if the cause be then at issue, — except the court, for cause shown, may otherwise order; and no paper whatsoever, in the possession of either party, shall be used as evidence before the jury, without special allowance for cause, a copy of which shall have been refused or unreasonably and injuriously delayed to be furnished to the party demanding the same: such copy to be made at his expense.
44. All depositions taken in a cause shall be opened and filed at the term at which the same shall be returned, unless upon cause shown. They shall not be taken out of court, without special leave of court, and shall remain subject to all objections, notwithstanding the filing of the same.
45. Commissions to take testimony in any cause pending, may, upon the agreement in writing of all parties thereto, be issued by the clerk, without order, either during the session of the court or in vacation.
 MOTIONS IN ARREST OF JUDGMENT AND PETITIONS FOR A TRIAL OR NEW TRIAL.
46. Motions in arrest of judgment must be in writing and *Page 557 
assign the reasons or causes thereof, and shall be presented in open court.
47. Motions on petitions for a trial or a new trial must be in writing, and assign the reasons or causes thereof, and may be filed in open court, or in the clerk's office in vacation.
48. Motions or petitions for a new trial founded on any alleged error in the rulings or charge of the court, or upon the ground that the verdict is against evidence, shall be accompanied by or contain a written statement of the portion of the charge or of the rulings complained of, or of the evidence, in substance, against which it is complained the verdict has been rendered; which statement shall have been presented to the judge trying the cause within five days of the time of verdict rendered, for his allowance, if the court shall so long continue in session, and if not, during the session of the court, unless a further time be by him, upon motion and for cause shown specially given; and no motion or petition for a new trial for the causes aforesaid, shall be heard, unless the same shall have been presented for allowance as aforesaid, and excepting cases of death, removal or disability, allowed in writing by the judge who has tried the same.
REPORTS OF REFEREES AND AUDITORS.
49. All reports of referees or auditors made into the clerk's office in vacation, or into court during the first week of the term, shall be read in open court, in the county of Providence on the first Saturday of the term, and in other counties, on the third day of the term; and if made into court after the first week of the term, shall be read within two days of the time the same are made.
50. Exceptions to such reports shall be filed, with an affidavit of the truth of the exceptions in matters of fact, within four days after notice of the filing of the report, if it be made in the clerk's office, and within four days after the report is read in open court, if the term shall so long last; and otherwise at or before the opening of the court on the last day of the term, unless some other time of filing the same shall. upon motion and for cause shown, be specially ordered. *Page 558 
MISCELLANEOUS.
51. On every indictment found by a grand jury, the clerk shall issue a capias, without delay, returnable at the same term, unless the court shall otherwise direct, if the party be not in custody.
52. If default be made by any party bound by recognizance in any criminal proceeding, the clerk shall issue a writ of scirefacias against the persons bound, returnable to the next term of the court, unless otherwise ordered by the court.
53. No papers or records filed in a cause in court or in the clerk's office, shall be taken therefrom during the pendency of the cause, unless by special leave of the court, or by written order of a justice of the supreme court in vacation, or, after the determination of the cause, except by special order of the court.
54. The above rule shall not prevent original papers filed as evidence in a cause, from being obtained by the party entitled to the same, upon the order of the court, if in session in the county, or of a single justice, in writing, in vacation, he leaving copies thereof duly attested by the clerk; but no original paper, for the absolute or contingent payment of money, such as a bill, bond, note, or the like, shall be taken from the files until the clerk has noted on the face thereof, if the same be the cause of action, the state or result, as the case may be, of the action thereon.
55. No costs accrued in a justice's court, or court of magistrates or justices, shall be allowed in any bill of costs in a criminal case pending in the supreme court or court of common pleas, unless the items of such costs be returned and filed in the clerk's office.
56. All agreements of parties or attorneys, touching the business of the court, shall be in writing, or orally made or assented to by them in the presence of the court when disposing of such business, or they will be considered of no validity.
57. Written peremptory challenges to jurors filed with the clerks, shall be by them kept in some place free from all inspection; and shall, after the jury is empanelled, be by them destroyed. *Page 559 
RULES IN EQUITY
THE following rules were, on the second day of July, 1857, adopted by the supreme court of Rhode Island, then in session at Providence, to regulate the practice of said court in suits and proceedings in equity; the same having been mainly taken, and by alterations adapted, from the rules established by the supreme court of the United States for the courts of equity of the United States, and in great part heretofore in force in this state, under former rules referring to said rules of the courts of the United States. Rule 64 a, has been since adopted
RULE DAYS AND INTERLOCUTORY MOTIONS AND ORDERS, SPECIAL AND OF COURSE.
1. The clerks' offices of the supreme court shall be open, and the clerks shall be in attendance therein, on the first Monday of every month, for the purpose of receiving, entering, entertaining, and disposing of all motions, rules, orders, and other proceedings which are grantable of course and applied for, or had, by the parties or their solicitors, in all causes pending in equity, in pursuance of the rules hereby established.
2. All motions and applications in the clerk's office for the issuing of mesne process, and of final process to enforce and execute decrees, for filing bills, answers, pleas, demurrers, and other pleadings, for making amendments to bills and answers, for taking bills pro confesso, for commissions to take testimony in causes at issue, for filing exceptions and for other proceedings in the clerk's office, when such motions and applications do not by the rules hereinafter prescribed require any allowance or order of the court, or of any justice thereof, shall be deemed motions and applications grantable of course by the clerk of *Page 560 
the court; but the order of the clerk granting the same may be suspended, altered, or rescinded, by any justice of the court, for special cause shown.
3. Any justice of the court, as well in vacation as in term, may at any time, at chambers, or on the rule days in the clerk's office, make and direct all such special interlocutory orders, rules, and other proceedings, either original, or suspending, altering or rescinding those granted as of course by the clerk, in preparation for the hearing of causes upon their merits, in the same manner and with the same effect as the supreme court could do in term, reasonable notice of the application therefor being first given to the adverse party or to his solicitor to appear and show cause to the contrary at the next rule day thereafter, unless some other time is specially assigned by the justice for hearing the same; and if the adverse party or his solicitor shall not appear at the clerk's office on the next rule day, if no time or place be specially assigned in the notice or at the time and place specially assigned by the justice in the notice, the motion may be heard by the justice ex parte, and granted as if not objected to, or refused, in his discretion.
4. All motions, rules, orders, and other proceedings made and directed at any time at chambers, or on rule days at the clerk's office, whether special or of course, shall be entered by the clerk, in an order book to be kept in the clerk's office, on the day when they are made or directed; which book shall be open at all office hours, to the free inspection of the parties, in any suit in equity and of their solicitors; and except in cases where personal or other notice is specially required or directed, such entry in the order book shall be deemed sufficient notice to the parties and their solicitors, without further service thereof, of all orders, rules, acts, notices, and other proceedings entered in such order book, touching any and all matters in the suits, to and in which they are parties and solicitors; and notice to the solicitors shall be deemed notice to the parties whom they represent, in all cases in which personal notice to the parties is not otherwise specially required.
PROCESS, SERVICE OF PROCESS AND DOCKETING.
5. The process of subpoena shall constitute the proper mesne process in all suits in equity in the first instance, to require the *Page 561 
defendants to appear and answer the exigency of the bill; and shall, upon the filing of a bill, be issued by the clerk, as of course, and be made returnable to any succeeding rule day, or to the next term of the court, at the election of the party praying the same, and shall be served in the same manner as original writs of summons at law, at least fourteen days before the return day thereof, unless prayed in open court, and otherwise specially ordered to be sooner served and returned.
6. The form of the writ of subpoena may be as follows: —
THE STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS.
sc. To GREETING.
For certain causes offered to our supreme court in said county, in chancery, we hereby command and strictly enjoin you, that laying aside all other matters and things, and notwithstanding any excuse, you personally appear before said court, on the second day of their next term to be holden at in said county, on the Monday of next, (or, at the office of the clerk of said court, in and for said county, on the Monday of , being the rule day of said court in said county, or otherwise as the case may require,) and then and there, full, true, and perfect answers to make upon solemn oath or affirmation, to the bill of complaint of now filed of record in said court in said county, and to do and receive whatever our said court shall order against you in the premises in this behalf. Hereof fail not under the pains and penalties that may accrue in consequence of neglect thereof.
And the sheriff of said county of ______ or his deputy, or the sheriffs or their deputies of other counties, are hereby commanded to make service of this writ, by reading the same to the said _______________, or by leaving a true and attested copy thereof at his last and usual place of abode, fourteen days at least before said
Hereof make true return on or before said _____________ Witness our chief justice, at _________ on this ______ day of _____________________________________________
Clerk.
7. Whenever any subpoena shall be returned not executed as to any defendant, the plaintiff shall be entitled to another subpoena, or other subpoenas, against such defendant, if he shall require it, until due service be made.
8. Final process to execute any decree, may, if the decree be solely for the payment of money, be by writ of execution, in the form used by the supreme court in suits at common law in actions of assumpsit. If the decree be for the performance of *Page 562 
a specific act, as, for example, for the execution of a conveyance of land, or the delivery up of deeds or other documents, the decree shall, in all cases, prescribe the time within which the act shall be done, of which the defendant shall be bound, without further service, to take notice; and upon affidavit of the plaintiff filed in the clerk's office, that the same has not been complied, with, within the prescribed time, the clerk shall issue a writ of attachment against the delinquent party, from which, if attached thereon, he shall not be discharged, unless upon a full compliance with the decree and payment of all costs, or upon a special order of the court or a justice thereof, upon motion and affidavit, enlarging the time for the performance thereof. If the delinquent party cannot be found, a writ of sequestration shall issue against his estate upon the return of non est inventus, to compel obedience to the decree.
9. When any decree or order is for the delivery of possession, upon proof by affidavit of a demand and refusal to obey the decree or order, the party prosecuting the same shall be entitled to a writ of assistance from the clerk of the court.
10. Every person, not being a party in any cause, who has obtained an order, or in whose favor an order shall have been made, shall be enabled to enforce obedience to such order by the same process, as if he were a party to the cause; and every person, not being a party in any cause, against whom obedience to any order of the court may be enforced, shall be liable to the same process for enforcing obedience to such order, as if he were a party in the cause.
11. Service of process, original or auxiliary, on, or notice to, persons out of the state, will not be ordered for the purpose of making such persons parties to a bill or other proceedings, unless upon written motion to the court, accompanied by an affidavit of the plaintiff or one of the plaintiffs to the bill, or of the moving party in any other proceeding, stating his knowledge or belief as to the place in which the absent person is or resides, or that he doth not know and cannot, upon due inquiry made, ascertain the same.
12. Bills in equity shall be docketed together by themselves, and at the time, and in the order, in which they are entered. *Page 563 
APPEARANCE, TIME OF ANSWER, AND THE TAKING OF BILLS PRO CONFESSO.
13. The day of appearance of the defendant shall be the return day of the subpoena; provided he has been served with the process fourteen days before that day, or the court has specially ordered the subpoena to be sooner served and returned; otherwise, his appearance day shall be the next rule day succeeding the rule day on which the process is returnable; and the appearance of the defendant, which may be made either personally or by his solicitor, shall be entered by the clerk in the order book, on the day thereof.
14. The above rule shall not prevent any defendant by agreement in writing with the plaintiff and his co-defendants, if any, from entering his appearance at any time sooner or later than as above, for the speeding of the cause or the convenience of the parties, either with the same effect as if entered on the appearance day, or, as if the day agreed on was the appearance day.
15. Unless the time be enlarged by a justice of the court upon motion and for cause shown, the defendant shall file his plea, demurrer, or answer to the bill in the clerk's office, within thirty days in the county of Providence, and within sixty days in any other county, of the day fixed for his appearance, or the plaintiff may, at his election, take an order, to be granted by the clerk as of course, and entered in the order book, that the bill be taken pro confesso, — in which case the cause shall be proceeded in ex parte, and the matter of the bill may be decreed by the court at the next term, if without an answer and with propriety it can be decreed; or the plaintiff, if he require any discovery or answer to enable him to obtain a proper decree, shall be entitled to process of attachment, grantable without notice, by the court in session or by a justice in vacation, to compel an answer; and the defendant shall not, when arrested upon such process, be discharged therefrom, unless upon filing his answer, or otherwise complying with such order as the court or justice may direct as to pleading to or fully answering the bill, within a period to be fixed by the court or justice, and undertaking to speed the cause.
16. When the bill is taken pro confesso, the court may, unless *Page 564 
the order therefor be before for cause rescinded in vacation by a justice, without further notice, proceed to a decree at the next or any succeeding term thereof, and such decree rendered shall be deemed absolute; or the court may, before such decree, for cause shown upon motion and affidavit of the defendant, rescind the order and enlarge the time for answer, or, after such decree, may at the same term at which the same is rendered, but not after, set aside such decree and allow the defendant to answer; but no such motion shall be granted unless upon payment of the costs of the plaintiff in the suit up to that time, or such part thereof as the court may deem reasonable, and unless the defendant shall undertake to file his answer within such time, and submit to such other terms as the court shall direct, for the purpose of speeding the case
FRAME AND AMENDMENT OF BILLS.
17. The omission of the common confederacy clause, of the charging part, or of the jurisdiction clause of the bill shall not render the same demurrable; and the plaintiff may, in the stating part of his bill, state and avoid, by counter averments, at his option, any matter or thing, which he supposes will be insisted upon by the defendant, by way of defence or excuse, to the case made by the plaintiff. The prayer of the bill shall ask the special relief to which the plaintiff supposes himself entitled, and shall also contain a prayer for general relief; and if an injunction, or writ of ne exeat, or any other special order pending the suit, be required, it shall also be specially asked for in the prayer for relief, but need not be repeated in the prayer for process. The prayer for process shall contain the names of all the defendants named in the introductory part of the bill, and if any of them are known to be infants or under guardianship, shall state the fact, so that the court may take order thereon as justice may require. If proper parties defendant be out of the jurisdiction, the bill shall state the fact as an excuse for not serving them, and if, in proper cases, service is wanted on such defendants, it shall be specially asked in the bill, and their absence and place of residence, if known, shall also be stated. Every bill shall contain the signature of some attorney and counsellor of the court. *Page 565 
18. The plaintiff shall be at liberty, as of course, and without leave or payment of costs, to amend his bill in any matters whatsoever, before any copy has been taken out of the clerk's office; and may, in like manner, afterwards, fill blanks, correct errors in dates, misnomers of parties, misdescription of premises, and clerical errors and matters of mere form in general. He may also amend his bill in matters of substance by order of the clerk, grantable of cause, and entered in the order book after a copy of the bill has been taken, and before plea, demurrer, or answer to the bill, upon condition that he furnish without delay to the defendant, or defendants, if there be more than one, a fair copy of his amendments, with suitable references to the places in which the same are to be inserted; but if the amendments be numerous, the clerk may impose the condition that he furnish as aforesaid a fair copy or copies of the whole bill as amended.
19. After answer, plea, or demurrer to the bill, and before replication filed, the defendant may, upon motion or petition to the court or a justice thereof, and without notice, obtain an order to amend his bill on or before the next succeeding rule day, upon payment of costs, or without payment of costs, and upon furnishing a copy or copies of his amendments or whole bill as amended as aforesaid, as the court or justice may direct. After replication filed, the plaintiff shall not be permitted to amend his bill, except by special order of the court or justice, made upon motion or petition and notice to the defendant, or his solicitor, and upon proof by affidavit that the matter of the proposed amendment is material, and could not with reasonable diligence have been sooner introduced into the bill, and upon submitting to such other terms as may be imposed by the court or justice for the speeding of the cause.
20. Every such motion to amend as is referred to in the next preceding rule shall be in writing and shall be filed with the clerk, or presented to the justice, and with his order thereon afterwards filed with the clerk, and shall state the substance of the amendment which the plaintiff asks leave to make; and if the plaintiff obtain an order for such amendment, and shall not file his amendments or his amended bill, as the case may require, in the clerk's office at the time ordered, if any time be *Page 566 
ordered, or if not, on or before the next succeeding rule day, he shall be considered to have abandoned the same, and the cause shall proceed as if no application for amendment had been made.
SCANDAL AND IMPERTINENCE IN BILLS.
21. Every bill shall be expressed in as brief and succinct terms as it reasonably can be, and shall contain no unnecessary recitals of deeds, documents, contracts, or other instruments inhaec verba, or any other impertinent matter, or any scandalous matter not relevant to the suit. If any bill contain such matter, it may, on exceptions filed, be referred to a master by any justice of the court, for impertinence or scandal, and if so found by him, the matter shall be expunged at the expense of the plaintiff, and he shall pay to the defendant all his costs in the suit up to that time, unless the court or a justice thereof shall otherwise order. If the master shall report that the bill is not scandalous or impertinent, the plaintiff shall be entitled to all costs occasioned by the reference.
22. No order shall be made by any justice for referring any bill, answer, or pleading, or other matter or proceeding depending before the court, for scandal or impertinence, unless exceptions are taken in writing and signed by counsel, describing the particular passages, which are considered to be scandalous or impertinent; nor unless the exceptions shall be filed on or before the next rule day, after the process on the bill shall be returnable, or after the answer or pleading is filed; and such order, when obtained, shall be considered as abandoned, unless the party obtaining the order, shall, without unnecessary delay, procure the master to examine and report on the same on or before the next succeeding rule day, or the master shall certify that further time is necessary for him to complete the examination.
PARTIES TO BILLS.
23. In all cases where it shall appear to the court, that persons, who might otherwise be deemed necessary or proper parties to the suit, cannot be made parties by reason of their being out of the jurisdiction of the court, or incapable otherwise of being made parties, the court may, in their discretion, proceed in *Page 567 
the cause without making such persons parties; and in such cases the decree shall be without prejudice to the rights of the absent parties.
24. Where the parties on either side are very numerous, and cannot, without manifest inconvenience and oppressive delays in the suit, be all brought before it, the court in its discretion may dispense with making all of them parties, and may proceed in the suit, having sufficient parties before it to represent all the adverse interests of the plaintiffs and the defendants in the suit properly before it. But in such cases the decree shall be without prejudice to the rights and claims of all the absent parties.
25. In all suits concerning real estate, which is vested in trustees by devise, and such trustees are competent to sell and give discharges for the proceeds of the sale, and for the rents and profits of the estate, such trustees shall represent the persons beneficially interested in the estate or the proceeds, or the rents and profits, in the same manner and to the same extent, as the executors or administrators in suits concerning personal estate represent the persons beneficially interested in such personal estate; and in such cases it shall not be necessary to make the persons beneficially interested in such real estate, or rents and profits, parties to the suit; but the court may, upon consideration of the matter on the hearing, if it shall so think fit, order such persons to be made parties.
26. In suits to execute the trusts of a will, it shall not be necessary to make the heir at law a party; but the plaintiff shall be at liberty to make the heir at law a party, where he desires to have the will established against him.
27. In all cases in which the plaintiff has a joint and several demand against several persons, either as principals or sureties, it shall not be necessary to bring before the court, as parties to a suit concerning such demand, all the persons liable thereto; but the plaintiff may proceed against one or more of the persons severally liable.
28. Where the defendant shall, by his answer, suggest, that the bill is defective for want of parties, the plaintiff shall be at liberty, within fourteen days after answer filed, to set down the cause for argument upon that objection only; and the purpose for which the same is so set down shall be notified by an entry, to be made in the clerk's order book, in the form or to the effect *Page 568 
following: (that is to say,) "Set down upon the defendant's objection for want of parties;" and where the plaintiff shall not so set down his cause, but shall proceed therewith to a hearing, notwithstanding an objection for want of parties taken by the answer, he shall not, at the hearing of the cause, if the defendant's objection shall then be allowed, be entitled as of course, to an order for liberty to amend his bill by adding parties; but the court, if it thinks fit, shall be at liberty to dismiss the bill.
29. If a defendant shall, at the hearing of a cause object, that a suit is defective for want of parties, not having by plea or answer taken the objection, and therein specified by name or description the parties to whom the objection applies, the court (if it shall think fit) shall be at liberty to make a decree saving the rights of the absent parties.
NOMINAL PARTIES TO BILLS.
30. Where no account, payment, conveyance, or other direct relief is sought against a party to a suit, not being an infant, the party, upon service of the subpoena upon him, need not appear and answer the bill, unless the plaintiff specially requires him so to do by the prayer of his bill; but he may appear and answer at his option; and if he does not appear and answer, he shall be bound by all the proceedings in the cause. If the plaintiff shall require him to appear and answer, he shall be entitled to the costs of all the proceedings against him, unless the court shall otherwise direct.
GUARDIANS AND PROCHEIN AMIS.
31. Guardians ad litem to defend a suit may be appointed by the court, or by any judge thereof, for infants or other persons who are under guardianship, or otherwise incapable to defend themselves; and all infants and other persons so incapable may sue by their guardians, if any, or by their prochein amis,
subject, however, to such orders as the court may direct for the protection of infants and other incapable persons.
DEMURRERS AND PLEAS.
32. No demurrer or plea shall be allowed to be filed to any bill, unless upon a certificate of counsel, that in his opinion it is well founded in point of law, and supported by the affidavit of *Page 569 
the defendant, that it is not interposed for delay; and if a plea, that it is true in point of fact.
33. The defendant may, at any time before the bill is taken for confessed, or afterwards with the leave of the court, demur or plead to the whole bill, or to part of it, and he may demur to part, plead to part, and answer as to the residue; but in every case, in which the bill specially charges fraud or combination, a plea to such part must be accompanied with an answer fortifying the plea, and explicitly denying the fraud and combination, and the facts on which the charge is founded.
34. The plaintiff may set down the demurrer or plea to be argued, or he may take issue on the plea. If, upon an issue, the facts stated in the plea be determined for the defendant, they shall avail him, as far as in law and equity they ought to avail him.
35. If, upon the hearing, any demurrer or plea is overruled, the plaintiff shall be entitled to his costs in the cause up to that period, unless the court shall be satisfied, that the defendant had good ground in point of law or fact to interpose the same, and it was not interposed vexatiously or for delay. And upon the overruling of any plea or demurrer, the defendant shall be ordered to answer the bill, or so much thereof as is covered by the plea or demurrer, the next succeeding rule day, or at such other period, as, consistently with justice and the rights of the defendant, the same can, in the judgment of the court, be reasonably done; in default whereof, the bill shall be taken against him, pro confesso, and the matter thereof proceeded in and decreed accordingly.
36. If, upon the hearing, any demurrer or plea shall be allowed, the defendant shall be entitled to his costs. But the court may, in its discretion, upon motion of the plaintiff, allow him to amend his bill upon such terms as it shall deem reasonable.
37. No demurrer or plea shall be held bad and overruled upon argument, only because such demurrer or plea shall not cover so much of the bill as it might by law have extended to.
38. No demurrer or plea shall be held bad and overruled upon argument, only because the answer of the defendant may extend to some part of the same matter, as may be covered by such demurrer or plea.
39. If the plaintiff shall not reply to any plea, or set down *Page 570 
any plea or demurrer for argument, on the rule day, when the same is filed, or on the next succeeding rule day, he shall be deemed to admit the truth and sufficiency thereof, and his bill shall be dismissed as of course, unless a judge of the court shall allow him further time for the purpose.
ANSWERS.
40. The rule, that if a defendant submits to answer he shall answer fully to all the matters of the bill, shall no longer apply, in cases where he might by plea protect himself from such answer and discovery; and the defendant shall be entitled in all cases by answer to insist upon all matters of defence (not being matters of abatement, or to the character of the parties, or matters of form) in bar of or to the merits of the bill, of which he may be entitled to avail himself by a plea in bar; and in such answer he shall not be compellable to answer any other matter than he would be compellable to answer and discover upon filing a plea in bar, and an answer in support of such plea, touching the matters set forth in the bill to avoid or repel the bar or defence. Thus, for example, a bona fide purchaser for a valuable consideration, without notice, may set up that defence by way of answer instead of plea, and shall be entitled to the same protection, and shall not be compellable to make any further answer or discovery of his title than he would be in any answer in support of such plea.
41. A defendant shall be at liberty, by answer, to decline answering any interrogatory or part of an interrogatory, from answering which he might have protected himself by demurrer; and he shall be at liberty so to decline, notwithstanding he shall answer other parts of the bill, from which he might have protected himself by demurrer.
42. No special replication to any answer shall be filed; but if any matter alleged in the answer shall make it necessary for the plaintiff to amend his bill, he may have leave to amend the same with or without the payment of costs, as the court, or a judge thereof, may in their discretion direct.
43. In every case in which an amendment shall be made after answer filed, the defendant shall put in a new or supplemental answer, on or before the next succeeding rule day after *Page 571 
that on which the amendment or amended bill is filed, unless the time therefor is enlarged or otherwise ordered by the court or a justice thereof; and upon his default, like proceedings may be had as in cases of an omission to put in an answer.
AMENDMENT OF ANSWER.
44. After an answer is put in, it may be amended as of course, in any matter of form, or by filling up a blank, or correcting a date or reference to a document or other small matter, and be resworn, at any time before a replication is put in, or the cause is set down for a hearing upon bill and answer. But after replication, or such setting down for a hearing, it shall not be amended in any material matters, as by adding new facts or defences, or qualifying or altering the original statements, except by special leave of the court or of a judge thereof, upon motion and cause shown, after due notice to the adverse party, supported, if required, by affidavit. And in every case where leave is so granted, the court or the judge granting the same, may, in his discretion, require, that the same be separately engrossed and added as a distinct amendment to the original answer, so as to be distinguishable therefrom.
EXCEPTIONS TO ANSWERS.
45. After an answer is filed on any rule day, the plaintiff shall be allowed until the next succeeding rule day to file in the clerk's office exceptions thereto for insufficiency, and no longer, unless a longer time shall be allowed for the purpose, upon cause shown to the court or a judge thereof; and if no exception shall be filed thereto within that period, the answer shall be deemed and taken to be sufficient.
46. When the same solicitor is employed for two or more defendants, and separate answers shall be filed, or other proceedings had by two or more of the defendants separately, costs shall not be allowed for such separate answers or other proceedings, unless a master, upon reference to him, shall certify, that such separate answers and other proceedings were necessary or proper, and ought not to have been joined together.
47. Where exceptions shall be filed to the answer for insufficiency, within the period prescribed by these rules, if the defendant shall not submit to the same, and file an amended *Page 572 
answer on the next succeeding rule day, the plaintiff shall forth with set them down for a hearing on the next succeeding rule day thereafter before a judge of the court; and shall enter, as of course, in the order book an order for that purpose. And if he shall not so set down the same for a hearing, the exceptions shall be deemed abandoned and the answer shall be deemed sufficient; provided, however, that the court, or any judge thereof, may, for good cause shown, enlarge the time for filing exceptions, or for answering the same, in his discretion, upon such terms as he may deem reasonable.
48. If, at the hearing, the exceptions shall be allowed, the defendant shall be bound to put in a full and complete answer thereto, on the next succeeding rule day; otherwise the plaintiff shall, as of course, be entitled to take the bill, so far as the matter of such exceptions is concerned, as confessed, or at his election, he may have a writ of attachment to compel the defendant to make a better answer to the matter of the exceptions; and the defendant, when he is in custody upon such writ, shall not be discharged therefrom but by an order of the court, or of a judge thereof, upon his putting in such answer and complying with such other terms, as the court or judge may direct.
49. If, upon argument, the plaintiff's exceptions to the answer shall be overruled, or the answer shall be adjudged insufficient, the prevailing party shall be entitled to all the costs occasioned thereby, unless otherwise directed by the court, or the judge thereof, at the hearing upon the exceptions.
REPLICATION AND ISSUE.
50. Whenever the answer of the defendant shall not be excepted to, or shall be adjudged or deemed sufficient, the plaintiff shall file the general replication thereto in the county of Providence within thirty days, and in any other county within sixty days thereafter, unless otherwise specially ordered; and in all cases where the general replication is filed, the cause shall be deemed to all intents and purposes at issue, without any rejoinder or other pleadings on either side. If the plaintiff shall omit or refuse to file such replication within the prescribed period, the cause shall be deemed and taken to be set down for a hearing upon bill and answer, and the suit shall thereupon *Page 573 
stand for such hearing, unless the court, or a justice thereof, shall, upon motion and for cause shown, allow a replication to be filed, the plaintiff submitting to speed the cause and to such other terms as the court or justice may impose
CROSS BILL.
51. Where a defendant in equity files a cross bill for discovery only against the plaintiff in the original bill, the defendant to the original bill shall first answer thereto before the original plaintiff shall be required to answer the cross bill. The answer of the original plaintiff to such cross bill may be read and used by the party filing the cross bill at the hearing, in the same manner and under the same restrictions as the answer praying relief, may now be read and used.
BILLS OF REVIVOR AND SUPPLEMENTAL BILLS.
52. Whenever a suit in equity shall become abated by the death of either party, or by any other event, the same may be revived by a bill of revivor, or a bill in the nature of a bill of revivor, as the circumstances of the case may require, filed by the proper parties entitled to revive the same; which bill may be filed in the clerk's office at any time; and upon suggestion of the facts, the proper process or subpoena shall, as of course, be issued by the clerk, requiring the proper representatives of the other party to appear and show cause, if any they have, why the cause should not be revived. And if no cause shall be shown at the next rule day, which shall occur after fourteen days from the time of the service of the same process, the suit shall stand revived, as of course.
53. Whenever any suit in equity shall become defective, from any event happening after the filing of the bill, (as, for example, by a change of interest in the parties,) or for any other reason, a supplemental bill, or a bill in the nature of a supplemental bill, may be necessary to be filed in the cause, leave to file the same may be granted by any judge of the court on any rule day, upon proper cause shown, and due notice to the other party. And if leave is granted to file such supplemental bill, the defendant shall demur, plead, or answer thereto, on the next succeeding rule day after the supplemental bill is filed in the *Page 574 
clerk's office, unless some other time shall be assigned by a judge of the court.
54. It shall not be necessary in any bill of revivor or supplemental bill, to set forth any of the statements in the original suit, unless the special circumstances of the case may require it.
TAKING OF TESTIMONY.
55. After any bill is filed, and before the cause is at issue, the clerk of the court may, as of course, upon the application of the plaintiff, and upon affidavit made that any of his witnesses are aged or infirm, or going out of the country, or that any of them is a single witness to a material fact, issue a commission to such commissioner or commissioners as he may direct, to take the examination of such witness or witnesses debene esse, upon giving due notice to the adverse party of the time and place of such examination.
56. After a cause is at issue, commissions to take testimony may be taken out in vacation as well as in term, jointly by both parties, or severally by either party, upon interrogatories filed by the party taking out the same in the clerk's office, ten days' notice being given to the adverse party to file cross interrogatories before the issuing of the commission; and if no cross interrogatories are filed at the expiration of the time, the commission may issue ex parte. In all cases in which the parties shall agree in writing, or shall orally agree in the presence of the clerk to a commissioner or commissioners, the commission shall be issued, as of course, and without notice to him or them by the clerk. If there be no such agreement, then the court, if in session in the county, or a justice of the court in vacation, if known to the clerk to be within the county, and if not known to be within the county, the clerk shall, upon reasonable notice to the adverse party or his solicitor, appoint the commissioner or commissioners. If the parties shall so agree in writing or orally in the presence of the court, justice, or clerk, as the case may be, but not otherwise, the testimony may be taken upon oral interrogatories by the parties, or their agents, without filing any written interrogatories, in which case the commission shall so state. If upon the return of the commission it shall be made to appear to the court, when in session, or to a justice, in vacation, *Page 575 
that from accidental defects in the interrogatories or cross interrogatories, or from other causes, the whole truth pertinent to the cause has not been elicited from any witness, the commission may, upon application of either party, be opened so far as such witness is concerned, in order that his deposition may be again taken, upon such interrogatories and cross interrogatories, relative to the matter wherein the same is probably defective, upon such terms as the court or justice may think fit to impose, provided such application be made without unreasonable delay.
57. Sixty days, and no more, shall be allowed for the taking of the testimony under a commission, after the issuing of the same, unless otherwise ordered by the court or a justice thereof; and no deposition shall be taken after that time, or, if taken, shall be read as evidence at the hearing, unless the same was taken or is read by consent of parties or by order of the court, or was taken by order of one of the justices of the court.
58. If any witness duly summoned by a commissioner or master to appear before him to give evidence, shall refuse to appear, or to give evidence, the same shall be certified by the commissioner or master to the clerk's office out of which the commission to the commissioner or master issued; whereupon, the court, if in session, or any justice thereof, in vacation, may order such witness to be attached for contempt, in the same manner and with the same effect as if the contempt were for not attending or for refusing to give evidence in court.
SETTING DOWN FOR HEARING, AND HEARING.
59. Every cause in which no replication shall have been filed, or in which, after issue made upon filing of the replication, no commission shall have been taken out in accordance with the rules, shall be deemed and taken to be set down for hearing upon bill and answer, without further order; and every cause in which, after issue joined, the commission or commissions shall have been returned, shall in like manner be deemed and taken, without further order to be set down for hearing upon the bill, answer, and proofs; and in either of the above cases, the cause shall, at the next term, be heard in its order upon the docket, unless by some special order of a justice in vacation, or of the court in session, it be otherwise directed. *Page 576 
60. At or before the commencement of the hearing of every equity cause upon bill and answer, plea, demurrer, or bill and answer and proof, each party shall deliver to the other and furnish to each of the judges and to the reporter, a printed or written statement of the points on which he intends to rely, and the authorities intended to be cited in support of them, arranged under the respective points; and where it may be necessary for the court to go into the examination of papers or evidence, they must, for the purpose of reference, be either paged or lettered or numbered, as may be most convenient, and each party shall briefly specify in his printed or written statement of points, the leading facts which he deems established by the evidence, with a reference to the pages, or to the letter or numbers of the papers, in which the evidence of such facts may be found.
61. The same rules as to the number of counsel who shall address the court on either side, and the order in which they shall speak, shall be observed in equity as at law.
INJUNCTIONS, AND WRITS OF NE EXEAT.
62. Whenever an injunction is asked for by the bill to restrain proceedings at law, if the defendant do not enter his appearance and plead, demur, or answer to the same within the time prescribed by these rules, the plaintiff shall be entitled to such injunction, as of course, upon motion, without notice, to be allowed by the court, if in session, or by a justice thereof in vacation.
63. Special injunctions shall be granted by the court, or by a justice thereof, only after bill filed; nor shall any such injunction be granted until after a hearing, upon notice to the adverse party, unless it be until the hearing, in cases of, or in the nature of, destructive waste, or to stay irreparable mischief. After notice, the hearing may be ex parte, if the adverse party does not appear at the time and place ordered.
64. In every case, an injunction, whether common or special, awarded in vacation, shall, unless previously dissolved by the justice granting the same, continue until the next term of the court for the county, and the further order of the court then to be made, unless the same be sooner dissolved by some order of the court, made in term time in another county. *Page 577 
64 a. Writs of ne exeat may, in the discretion of the court or justice, be granted for cause shown upon motion or petition, without notice.[1]
REFERENCE TO, AND PROCEEDINGS BEFORE MASTERS.
65. Every decree for an account of the personal estate of a testator or intestate shall contain a direction to the master to whom it is referred to take the same, to inquire and state to the court, what parts, if any, of such personal estate are outstanding or undisposed of, unless the court shall otherwise direct.
66. Whenever any reference of any matter is made to a master to examine and report thereon, the party at whose instance or for whose benefit the reference is made shall cause the same to be presented to the master for a hearing, on or before the next rule day succeeding the time when the reference was made; if he shall omit to do so, the adverse party shall be at liberty forthwith to cause proceedings to be had before the master, at the cost of the party procuring the reference.
67. Upon every such reference, it shall be the duty of the master, as soon as he reasonably can after the same is brought before him, to assign a time and place for proceeding in the same, and to give due notice thereof to each of the parties or their solicitors; and if either party shall fail to appear at the time and place appointed, the master shall be at liberty to proceed ex parte, or in his discretion to adjourn the examination and proceedings to a future day, giving notice to the absent party or his solicitor of such adjournment; and it shall be the duty of the master to proceed with all reasonable diligence in every such reference, and with the least practicable delay; and either party shall be at liberty to apply to the court or a judge thereof, for an order to the master to speed the proceedings, and to make his report, and to certify to the court or judge the reasons for any delay.
68. In the reports made by the master to the court, no part of any state of facts, charge, affidavit, deposition, examination, or answer, brought in or used before him, shall be stated or recited; but such state of facts, charge, affidavit, deposition, examination, or answer, shall be identified, specified, and referred *Page 578 
to, so as to inform the court what state of facts, charge, affidavit, deposition, examination, or answer, were so brought in or used.
69. The master shall regulate all the proceedings in every hearing before him, upon every such reference; and he shall have full authority to examine the parties in the cause upon oath, touching all matters contained in the reference; and also to require the production of all books, papers, writings, vouchers, and other documents applicable thereto; and also to examine on oath, viva voce, all witnesses produced by the parties before him, and to order the examination of other witnesses to be taken, under a commission to be issued upon his certificate from the clerk's office, or by deposition according to law, or otherwise as hereinafter provided; and also to direct the mode, in which the matters requiring evidence, shall be proved before him; and generally to do all other acts, and direct all other inquiries and proceedings in the matters before him, which he may deem necessary and proper to the justice and merits thereof, and the rights of the parties.
70. Witnesses who live within the state, may, upon due notice to the opposite party, be summoned to appear before the commissioner appointed to take testimony, or before a master or examiner appointed in any cause, by subpoena in usual form, which may be issued by the commissioner or master, and filled up by the party praying the same, or by the commissioner, master, or examiner, requiring the attendance of the witnesses at the time and place specified; and if any witness shall refuse to appear, or to give evidence, it shall be deemed a contempt of the court, which being certified to the clerk's office by the commissioner, master, or examiner, an attachment may issue thereupon by order of the court or of any justice thereof, in the same manner as if the contempt were for not attending, or for refusing to give testimony in the court; but nothing herein contained shall prevent the examination of witnesses viva voce when produced in open court, if the court shall in its discretion deem it advisable.
71. All parties accounting before a master shall bring in their respective accounts in the form of debtor and creditor; and any of the other parties, who shall not be satisfied with the accounts so brought in, shall be at liberty to examine the accounting *Page 579 
party viva voce, or upon interrogatories in the master's office, or by deposition, as the master shall direct.
72. All affidavits, depositions, and documents, which have been previously made, read, or used in the court, upon any proceeding in any cause or matter, may be used before the master.
73. The master shall be at liberty to examine any creditor or other person coming in to claim before him, either upon written interrogatories, or viva voce, or in both modes, as the nature of the case may appear to him to require. The evidence upon such examination shall be taken down by the master, or by some other person by his order and in his presence, if either party require it, in order that the same may be used by the court, if necessary
EXCEPTIONS TO REPORTS OF MASTERS.
73. The master, as soon as his report is ready, shall submit the draught of the same to the parties or their solicitors, and appoint a time and place for hearing such objections thereto as they may think fit to suggest; and after noting and considering such objections, shall finally make up his report and return the same unto the clerk's office; and the day of the return of the same shall be entered by the clerk in the order book. The parties shall have one month from the time of filing the report to file exceptions thereto; and if no exceptions are, within that period, filed by either party, the report shall stand confirmed on the next rule day after the month is expired. If exceptions are filed, they shall stand for hearing before the court, if the court be then in session, or if not in session, before the court at its next sitting held by adjournment or otherwise.
DECREES.
74. Clerical mistakes in decrees, or decretal orders, or errors arising from any accidental slip or omission, may, at any time before an actual enrollment thereof, be corrected by order of the court or a judge thereof, upon petition, without the form or expense of a rehearing.
75. In drawing up decrees and orders, neither the bill, nor answer, nor other pleadings, nor any part thereof, nor the report *Page 580 
of any master, nor any other prior proceeding, shall be recited or stated in the decree or order; but the decree and order shall begin in substance as follows: "This cause came on to be heard (or to be further heard as the case may be) at this term, and was argued by counsel; and thereupon, upon consideration thereof, it was ordered, adjudged, and decreed as follows, viz: [Here insert the decree or order.]
REHEARING.
76. Every petition for a rehearing shall contain the special matter or cause, on which such rehearing is applied for, shall be signed by counsel, and the facts therein stated, if not apparent on the record, shall be verified by the oath of the party, or by some other person.
SUMMARY PROCEEDINGS UNDER STATUTES.
77. Every application to the court or a justice thereof, by virtue of statutes, for summary relief against banking, railroad, and other corporations, for an infringement, or abuse of the powers of their charters, or the like, or against trustees or receivers, whether made by officials or individuals, shall be in writing, addressed "to the supreme court," or "to one of the justices of the supreme court," as the case may be, shall be verified by the oath or affirmation of the officials or person or persons making the same, and shall contain, or be accompanied by, a sworn specification of the charges against such corporation, trustee or receiver, which may be amended from time to time by the insertion of new charges as circumstances may require; and no examination shall be had or testimony taken except in relation to some charge or charges in such specification contained.
79. Upon the filing of such application in court in term time, or the exhibition of the same to any justice thereof in vacation, the court or justice shall direct the clerk forthwith to issue a citation to the adverse party in such application named, and if a corporation, also to such officers thereof as are specially implicated by conduct or in duty in the charges in such application contained, or accompanying the same, to appear at some certain time and place in such citation appointed, and show cause. *Page 581 
if any he or they have, why the relief sought for in such application ought not to be granted; which citation shall command the sheriffs and their deputies of our several counties to notify such corporation, person or persons to appear as aforesaid, and shall be served by a sheriff or his deputy in the same manner as an original summons is by law required to be served.
80. In all such cases cause shall be shown in writing under oath or affirmation against such application in the form of a response thereto, — to be filed in court or exhibited to the justice, as the case may be, at such time as the court or justice may direct, who shall thereupon proceed to hear the testimony concerning such application and summarily to dispose of the same.
MISCELLANEOUS.
81. The clerks of the court in vacation, and during the adjournments and recess of the court, as well as during the sessions thereof, are authorized to administer all necessary oaths to defendants on filing their answers, to all affiants in matters pending before the court, and to all masters and commissioners.
82. No agreement between parties or counsel in a cause shall affect the disposition of the same, or of any motion or matter connected therewith, any more in equity than at law, unless the same be reduced to writing and signed by the parties or their counsel, or unless the same be orally made in the presence of the court, justice, or clerk, when engaged in acting upon the same
83. In all cases where the rules above prescribed do not apply, the practice of this court in equity cases shall be regulated by the present practice of the high court of chancery in England, so far as applicable, as furnishing just analogies rather than positive rules, — and especially as the same may be adopted and used by the supreme court of the United States in like cases. *Page 582 
ORDERED, that the rules of practice at law be amended, so that hereafter, Rule No. 1, relating to the qualifications of candidates for the bar, shall be as follows:
ATTORNEYS AND COUNSELLORS AT LAW.
1. Persons recommended for admission to the bar by some member of the bar, who shall be of good moral character, and at least twenty-one years of age, and who, having received a classical education, shall have studied law, without pursuing the practice of the law or engaging in any other employment, two years, in the office of an attorney or counsellor at law, or two years in some law-school in the country and the office of an attorney and counsellor, six months of which term of study, at least, shall, in all cases, have been in the office of an attorney and counsellor in this state, and who shall, as a further evidence of their qualifications, have sustained a satisfactory examination by an examining committee to be appointed by the supreme court, or, who, not having received a classical education, shall have studied law three years, and have sustained a satisfactory examination in manner aforesaid, shall be admitted attorneys and counsellors of the supreme court, and, as such, shall have right to practice in all of the courts of this state.[1] *Page 583 
 APPENDIX II.
 OPINIONS
 OF THE JUDGES OF THE SUPREME COURT, GIVEN UNDER ARTICLE 10, SECTION 3, OF THE CONSTITUTION.
The pardoning power of the governor does not embrace the restoration of the privilege of voting, to one convicted of a crime deemed infamous at the common law; the constitution providing that such convict shall "not be permitted to exercise that privilege, until he be expressly restored thereto, by act of the general assembly."
STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS.
 EXECUTIVE DEPARTMENT, Providence, Feb. 1st. 1858.
GENTLEMEN: I inclose the petition of James Hazard, (drawn up by Henry Howard, Esq.,) asking for my official action, in his restoration to his civil rights and privileges.
I am informed by Mr. Howard, that the committee on the judiciary, of the present house of representatives of this state, are of the opinion that this action is not only implied, but vested, in the pardoning power, as is provided for in article 2 of the amendments to the constitution of this state. (See revised statutes, page 34, and also the last clause of section 4, article 2 of the constitution of this state, page 22.)
I differ from the opinion of the committee, and suppose this *Page 584 
subject to be exclusively within the action of the general assembly.
Your official opinion is solicited.
 Very respectfully yours, ELISHA DYER.
To the Honorable Justices of the Supreme Court of Rhode Island.
SOUTH KINGSTOWN, February 3, 1858.
His Excellency, ELISHA DYER, Governor, c.
SIR: Your communication of the 1st instant has been received and considered by us. Our opinion is, that all disabilities, incurred by the commission of crime, except that provided for by article 2, section 4, of the constitution, may be remitted by the governor, by and with the advice and consent of the senate, as fairly within the scope of the pardoning power, exercised by the general assembly, at the time when the second article in amendment of the constitution was adopted. In cases, however, of persons convicted of bribery, or of any crime deemed infamous at the common law, the convict is deprived of the privilege of voting, by article 2, section 4, of the constitution; and the same clause of the constitution provides that such convict shall not "be permitted to exercise that privilege until he be expressly restored thereto, by act of the general assembly." We are of opinion that this provision may well stand with, and remain in full force, notwithstanding the second article in amendment, vesting the pardoning power in the governor and senate.
As the convict, to whose petition Your Excellency's communication relates, was convicted of a crime deemed infamous at common law, to wit: the crime of larceny, as it is defined by our statute, our conclusion is, that Your Excellency, by and with the advice of the senate, may restore him to all his privileges except that of voting; but that restoration to that privilege can only be accorded to him by an express act, to that effect, of the general assembly.
Very respectfully, your ob'dt serv'ts,
 SAMUEL AMES, GEO. A. BRAYTON, ALFRED BOSWORTH, SYLVESTER G. SHERMAN. *Page 585 
Power of the governor to establish rules and regulations upon the subject of a plurality of militia offices, defining what militia offices shall be deemed incompatible.
STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS.
 EXECUTIVE DEPARTMENT, | 
Providence, October 22, 1857. |
GENTLEMEN: Inclosed, I send you a communication from the adjutant-general of this state, making inquiries in relation to your decision in the case of Colonel Brown.
Please advise me officially, as to the extent to which the principles of the recent decision are intended to apply; whether to officers of the line, staff, and company, or to the single case connected with the decision.
My reply to the adjutant-general will be governed by your opinion, in conformity with section 3, of article 10th, of the constitution of this state.
 With sentiments of regard, I am Respectfully yours, ELISHA DYER.
To the Honorable Justices of the Supreme Court
PROVIDENCE, October 24, 1857.
His Excellency, ELISHA DYER, Governor, c.
SIR: Your communication of the 22d instant, inquiring the extent to which the principles of decision of the late case of State v. Brown are applicable to other cases in which two or more militia offices are held by the same person, has been received and considered by us.
The opinion of the court in that case, as in all others, is limited to the substantial facts of the case itself; and is, by no means, to be construed as expressing a determination that the same person may not hold two compatible militia offices, if any such there be. Whether a particular office, civil or military, is compatible with another, is a question specially to be considered in each case, regard being had to the duties, liabilities, and remedies *Page 586 
proper to both. The opinion to which you refer, treats the question in relation to the major generalcy of the division of Rhode Island militia, and a colonelcy of the line, in a brigade composing part of it.
It appears from the communication of the adjutant-general inclosed by you to us, that there are several cases of persons holding double commissions and acting under them in a double capacity in the militia, of the legal propriety of which, doubts seem to be entertained. It is not probable that the attorney-general will file informations in any but important cases of this character, and where the incompatibility of the two offices is quite clear, and we should not be disposed, from various considerations, to allow private relators to do so in any other.
Thus many embarrassing questions of this nature may arise, in some form, to be solved by Your Excellency, as commander-in-chief, which might be avoided, or made easy of solution, by more definite rules than can or probably will be afforded by judicial decisions.
Our advice, therefore, to Your Excellency is, that, by virtue of the power conferred upon you as commander-in-chief, (revised statutes, title XXXIV., chapter 243, section 8,) you establish such rules and regulations upon the subject of a plurality of militia offices, as you "may deem necessary to carry into effect and perfect" the militia system established by law. In this mode, doubtful questions of compatibility in relation to such offices will be most appropriately, promptly, and cheaply settled, for the future, by the highest military authority in the state, and appeals to, and controversies before the civil tribunals, concerning rank and command, so destructive to subordination and discipline, will be prevented.
We have the honor to be,
Very respectfully, your ob'dt serv'ts,
 SAMUEL AMES, GEO. A. BRAYTON, ALFRED BOSWORTH, SYLVESTER G. SHERMAN. *Page 587 
An infant beneficiary of the state, at the American Asylum, Hartford, does not lose her appointment as such, by the removal of her parents from the state; the qualification of inhabitancy, required by law in the beneficiary, referring solely to the time of his or her selection.
STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS.
 EXECUTIVE DEPARTMENT, | 
Providence, October 29, 1857. |
GENTLEMEN: I am in receipt of your communication of the 24th of this month.
Mary Ann Ryan, aged eleven years, of Coventry, was appointed a state beneficiary, by the Rev. Robert Allyn, as commissioner of public schools, and sent to the American Asylum, at Hartford, September, 1856.
I am informed her parents have since removed from this state. Can she be continued at this institution, as a beneficiary of this state, agreeably to the provisions of the revised statutes, title XII., chapter 57, sections 1, 2, and 3? If this was the only case that might occur, I would not trespass upon your time and attention; but, as my action may be considered as a precedent for the future, I wish to act with proper caution, and respectfully solicit your opinion.
Please refer to that part of the communication from that institution, (herein inclosed,) which refers to the course of other states.
 Very respectfully, your ob't serv't, ELISHA DYER.
Honorable Justices of the Supreme Court of Rhode Island.
P.S. — Inclosed, also, is a blank form of a certificate.
E.D.
STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS.
 EXECUTIVE DEPARTMENT, | 
Providence, [Date.] 185 |
[Name of person] ______ of ________ [town] _______ County of _____ aged years, ___________ [white or colored, married or single] is selected and appointed a state beneficiary, and is to be placed at the __________ [name of institution] ____________ in conformity with the provisions of title XI., chapter 54, page 154, of the revised statutes of this state. *Page 588 
The treasurer of the above institution, is authorized to draw upon the general treasurer of this state, for the maintenance of said beneficiary, at the rate of _________ [amount appropriated] _________ dollars per annum, during this appointment; his drafts being countersigned by me, and payable quarterly.
PROVIDENCE, November 23, 1857.
His Excellency, ELISHA DYER, Governor, c
SIR: Your communication of the 29th ult., inquiring whether Mary Ann Ryan, an infant beneficiary of this state, at the American Asylum, Hartford, has lost her appointment as such, by the removal of her parents from the state, has been received and considered by us.
We are of opinion that the qualification of inhabitancy in this state, by law required in the beneficiary, has reference solely to the time of his or her selection as such; and hence that Mary Ann Ryan may be permitted to remain at said Asylum under her appointment, without violation of law. Judge Bosworth, who is now absent, desires us to state, that he concurs in the above conclusion in the case submitted to us, but not for the reason by us given; he being of opinion, that continued inhabitancy is necessary to retain an appointment of this character, but that the beneficiary, Mary Ann Ryan, retains the domicil which she had at the time of her appointment, notwithstanding a change of domicil on the part of her parents, unless she herself elects to change it.
Very respectfully, your ob't serv'ts,
 SAMUEL AMES, GEO. A. BRAYTON, S.G. SHERMAN.
The governor is the sole judge of who are indigent insane persons, within the meaning of ch. 54, sect. 3. of the Rev. Stats. so as to be proper objects of state benefaction: and is not restricted to any particular place or mode of supporting them
STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS.
 EXECUTIVE DEPARTMENT, | 
Providence, April 7, 1858. |
DEAR SIR: In answer to your request for a copy of my letter to the honorable justices of the supreme court of this state *Page 589 
dated January 6, 1858, and to which their communication of January 7, 1858, is a reply, I would observe, that reference was made, in my letter, to two individual cases, as comprehending the inquiries answered in the reply.
The general questions asked, were these: "Does not the above section 3, (revised statutes, title XI., chapter 54,) leave the appropriations entirely discretionary with the executive, whether to provide for the beneficiary's support at home, abroad, at a public or private institution, or in any manner, he (the executive) may elect?
Referring you to the reply to these questions, I am,
Very respectfully yours,
ELISHA DYER.
 Hon. JNO. R. BARTLETT, Secretary of State.
PROVIDENCE, January 7, 1858.
His Excellency, ELISHA DYER, Governor, c.
SIR: Your communication of the 6th instant, inquiring as to the extent of your powers under chapter 54, section 3, of the revised statutes, has been received and considered be us.
We are of opinion that Your Excellency is the sole judge of who are so indigent as to be proper objects of state benefaction; and that in directing or approving the mode in which beneficiaries are to be supported, you are not restricted to any particular place or mode of support. We see nothing objectionable in the form of warrant which you have submitted to our inspection.
 SAMUEL AMES, GEO. A. BRAYTON, ALFRED BOSWORTH, SYLVESTER G. SHERMAN. *Page 590 
 APPENDIX III.
DECISIONS
 OF JUDGES OF THE SUPREME COURT ON APPEALS FROM THE SCHOOL COMMISSIONER.
APPEAL OF EMOR SMITH ON A PETITION FOR A REHEARING.
[1] Adopted September 30, 1858.
[1] Adopted September 30, 1858.